THE STATE OF OHIO, APPELLEE, *v.* JACKSON, APPELLANT.

[Cite as State v. Jackson (1972), 32 Ohio St. 2d 203.]

---

204

(No. 72-360—Decided December 15, 1972.)

*Mr. Harry Friberg*, prosecuting attorney, and *Mr. Melvin L. Resnick*, for appellee.

*Hayward, Cooper, Straub, Walinski, Cramer & Co., L. P. A., Mr. Cary Rodman Cooper* and *Mr. John J. Callahan*, for appellant.

BROWN, J. The appellant presents the court with four propositions of law.

Propositions three and four deal solely with the death penalty being cruel and unusual punishment under the federal and state constitutions. Based upon the holdings in *Furman* v. *Georgia* (1972), 408 U. S. 238, 33 L. Ed. 2d 346, and *State* v. *Leigh* (1972), 31 Ohio St. 2d 97, that the carrying out of a death penalty imposed at the discretion of the trier of the facts constitutes "cruel and unusual punishment" in violation of the Eighth and Fourteenth Amendments to the United States Constitution, this court, on motion of appellant on August 7, 1972, modified the death sentence against the appellant, and reduced his sentence to life imprisonment, as prescribed in R. C. 2901.01. There-

fore, appellant's third and fourth propositions of law are moot.

The appellant argues in his first proposition of law that the verdict and judgment of guilty by the court, as opposed to not guilty by reason of insanity, is against the manifest weight of the evidence and contrary to law.

It is clear that the rule to determine criminal responsibility as a defense to crime in Ohio has been established in *State* v. *Staten* (1969), 18 Ohio St. 2d 13, as follows:

"In order to establish the defense of insanity, the accused must establish by a preponderance of the evidence that disease or other defect of his mind so impaired his reason that, at the time of the criminal act with which he is charged, either he did not know that such act was wrong or he did not have the ability to refrain from doing that act."

The defendant presented the testimony of four psychiatrists and one psychologist to establish his defense of insanity.

Dr. John R. Van der Veer testified that:

"A. It certainly is true he [defendant] was showing emotional problems in terms of his depression, his anxiety and his identity, but as far as any specific so-called mental illness of psychosis, I could find no evidence of it at that time.

"* * * *

"Q. You found no mental illness of psychosis?

"A. I found none."

Dr. Julian Wohl, a psychologist, testified that defendant was not suffering from a deficiency in his general intellectual functioning.

Dr. Simon Dorfman and Dr. Bernard Goodman were also called on behalf of defendant. Only Dr. Goodman testified that a personality disorder could be considered by some as mental disease or illness.

Evaluating each doctor's testimony, none established that defendant was legally insane at the time of the commission of the crime.

Therefore, the court finds that appellant failed to establish by a preponderance of the evidence that he was

suffering from a mental disease or defect which so impaired his reason at the time of the criminal act, with which he is charged, that he either did not know that such act was wrong or that he did not have the ability to refrain from doing that act.

The appellant's second assignment of error deals with the proposition of diminished mental capacity because of an impairment of reason. A complete search of the record in no way reveals any merit to this contention.

Wertheimer, in the Diminished Capacity Defense To Felony—Murder, 23 Stanford L. Rev. 799, 805, states that:

"* * * The only persons who could successfully raise a reasonable doubt as to their capacity to form the specific intent essential to the felony charged must either be so intoxicated as to be mentally unable to intend anything (unconscious), or else afflicted with such a defect of reason as not to know the nature and quality of the illegal act or that it is wrong (insane)."

Such evidence was not before the trial court, and we find no merit in this proposition.

The judgment of the Court of Appeals is affirmed, except as to the sentence of death, that sentence having heretofore been reduced to life imprisonment.

*Judgment accordingly.*

O'Neill, C. J., Schneider, Corrigan, Stern and Leach, JJ., concur.

Herbert, J., concurring in the syllabus and judgment. I do not view this opinion as establishing a departure from this court's longstanding rule regarding the weighing of evidence. *State* v. *Berry* (1971), 25 Ohio St. 2d 255, 260, 267 N. E. 2d 775; *State* v. *Cliff* (1969), 19 Ohio St. 2d 31, 33, 249 N. E. 2d 823; paragraph two of the syllabus in *State* v. *Stewart* (1964), 176 Ohio St. 156, 198 N. E. 2d 439; paragraph five of the syllabus in *State* v. *Sheppard* (1956), 165 Ohio St. 293, 135 N. E. 2d 340; *State* v. *Martin* (1955), 164 Ohio St. 54, 57, 128 N. E. 2d 7.