OPINION
{¶ 1} Defendant-appellant Gary Rockwell appeals his sentence from the Stark County Court of Common Pleas on five counts of attempted murder, one count of aggravated burglary and one count of aggravated arson. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 30, 2003, appellant spread accelerant over the first floor of a residence and set the same on fire. At the time, appellant's estranged wife, her boyfriend, and three children[1] were sleeping in the house. The fire was discovered and extinguished before any one was injured.
 {¶ 3} Subsequently, on November 6, 2003, the Stark County Grand Jury indicted appellant on five counts of attempted aggravated murder in violation of R.C. 2923.02(A), felonies of the first degree, one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree, and one count of aggravated arson in violation of R.C. 2909.02(A)(1), also a felony of the first degree. At his arraignment on November 14, 2003, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 4} Thereafter, on December 10, 2003, appellant withdrew his former not guilty plea and pled guilty to all of the charges contained in the indictment. At the December 10, 2003, hearing, the trial court stated on the record, in relevant part, as follows:
 {¶ 5} "THE COURT: Having said all this, I want you to understand what has been brought to my attention and approved and what I would do is between the Prosecutor's office and your attorney and discussions with you, you understand that you're going to receive a prison sentence that's going to total here 20 years? You understand that?
 {¶ 6} "DEFENDANT ROCKWELL: Yes I do.
 {¶ 7} "THE COURT: And, again, from all the ranges of sentences that you could get here if you were going to go to trial, you could get a sentence that could be less, could get a sentence that could be much more depending on how the Court would determine and depending on what you were found guilty of. Do you understand?
 {¶ 8} "DEFENDANT ROCKWELL: Yes, I do.
 {¶ 9} "THE COURT: It says in essence, this is an agreed upon sentence. In return for your plea of guilty, the State has recommended the sentence, the Court has approved it. Do you understand it is a 20 year sentence?
 {¶ 10} "DEFENDANT ROCKWELL: Yes I do." Transcript of December 10, 2003, hearing at 12-13. As memorialized in a Judgment Entry filed on December 15, 2003, appellant was sentenced to an aggregate term of twenty years in prison.
 {¶ 11} Subsequently, appellant filed a pro se brief raising the following assignments of error:
 {¶ 12} "I. APPELLANT WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO TRIAL BY JURY WHERE HIS SENTENCE EXCEEDED THE MAXIMUM PERMITTED BY STATUTE IN THE ABSENCE OF ADDITIONAL FACT FINDING BEYOND THAT INHERENT IN THE GUILTY PLEA, AND WHERE THE FACT FINDINGS WERE NOT MADE BY A JURY AND APPELLANT WAS NOT ADVISED THAT HE HAD THE RIGHT TO HAVE THE ADDITIONAL FACT-FINDING MADE BY A JURY.
 {¶ 13} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN IMPOSING COURT COSTS AGAINST APPELLANT WHO WAS ADJUDGED INDIGENT PRIOR TO SENTENCING, AND THEN ISSUING A GARNISHMENT ORDER, IN VIOLATION OF THE APPELLANT'S RIGHT TO DUE PROCESS OF LAW, AS WELL AS IN VIOLATION OF OHIO LAW."
 {¶ 14} Appellant's counsel, at the direction of this Court[2] filed a supplemental brief, raising the following assignments of error:
 {¶ 15} "I. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO A TERM GREATER THAN THE MINIMUM.
 {¶ 16} "II. THE TRIAL COURT ERRED IN BASING ITS SENTENCE OF A PRISON TERM FOR A FIRST DEGREE FELONY ON FACTS THAT WERE NOT STIPULATED.
 {¶ 17} "III. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO CONSECUTIVE PRISON TERMS."
 Pro Se Brief Assignment I, Supplemental Brief Assignments I, II III {¶ 18} Appellant, in his first pro se assignment of error and the three assignments of error in his supplemental brief, challenges his sentence. Appellant specifically contends that the trial court erred in sentencing him to more than the minimum sentence since the trial court did not make the findings required by R.C. 2929.14(B) and that the trial court, in sentencing him, violated Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531 by basing its sentence on facts that were not stipulated to by appellant or found by a jury. Appellant further argues that the trial court erred in sentencing him to consecutive sentences because it did not make all of the findings required by R.C. 2929.14(E)(4) and did not cite any facts in support of the findings that it did make. We disagree.
 {¶ 19} As is stated above, appellant was sentenced to the twenty year sentence that was recommended jointly by the defense and the prosecution. R.C. 2953.08(D) states the following, in pertinent part: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by the sentencing judge. . . ." A jointly recommended sentence is "authorized by law" if it does not exceed the maximum sentence that the statute permits a trial court to impose. State v. Rogg, Highland App. No. 00CA07, 2001-Ohio-2366; State v. Engleman (Aug. 18, 2000), Hamilton App. No. C-990845, 2000 WL 1162002; State v. Amstutz (Nov. 8, 1999), Stark App. No. 1999CA00104, 1999 WL 1071966.
 {¶ 20} Upon review, we find that the trial court imposed the agreed upon sentence and that the sentence did not exceed the maximum sentence. Furthermore, in such cases, there is no need to make the findings required under R.C. 2929.14(B) and 2929.14(E)(4). See State v.Porterfield, 106 Ohio St.3d 5, 2005-Ohio-3095 in which the Ohio Supreme Court held that "[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." Id at. paragraph 25. See also State v. Horsley,
Richland App. No. 04-CA-95, 2005-Ohio-2987, State v. Turner, Richland App. Nos. 04-CA-01, 04-CA-27, 2005-Ohio-2896. See also State v. Bryant,
Lucas App. No. L-03-1359, 2005-Ohio-3352, in which the court, in response to the appellant's argument that his sentencing violated Blakely,
supra., held that "the eight year sentence imposed by the trial court was an agreed upon sentence and any matters concerning that sentence are not subject to review under R.C. 2953.08(D)(11). Id at paragraph 24.
 {¶ 21} In short, we find that appellant was sentenced in accordance with a jointly recommended sentence that was authorized by law. Appellant's sentence, therefore, is not subject to review.
 {¶ 22} Furthermore, while appellant contends that pursuant toBlakely, supra., in order to sentence appellant to more than the minimum sentence, the jury, not the trial court, had to make the requisite findings, this Court has considered this issue previously. This Court examined the Blakely decision and found it "do[es] not obviate entirely judicial discretion in sentencing a criminal defendant. Rather, the trial courts maintain discretion to select a sentence within the range prescribed by the legislature." State v. Iddings (Nov. 8, 2004), Delaware App. No. 2004CAA06043 at paragraph 12. This Court concluded that Blakely
was not implicated when the maximum sentence provided by Ohio sentencing law was imposed. Id; State v. Stillman, Delaware App. No. 04CAA07052,2004-Ohio-6974, State v. Hughett, Delaware App. No. 04CAA060051,2004-Ohio-6207. The trial court in the case sub judice, did not sentence appellant to any term beyond the statutory maximum and, therefore,Blakely does not apply.
 {¶ 23} Appellant's first assignment of error in his pro se brief and first, second and third assignments of error in his supplemental brief are, therefore, overruled.
 Pro Se Brief Assignment II {¶ 24} Appellant, in the second assignment of error in his pro se brief, argues that the trial court erred in imposing court costs against him because he is indigent and that, for such reason, the trial court erred in issuing a garnishment order. We disagree.
 {¶ 25} In the case of State v. White, 103 Ohio St.3d 580,2004-Ohio-5989, 817 N.E.2d 393, the Ohio Supreme Court held that a trial court may assess court costs against an indigent defendant convicted of a felony as part of the sentence and that the Clerk of Courts may attempt to collect the costs from the indigent defendant. Thus, costs were properly assessed against appellant and the trial court did not err in issuing an order of garnishment to collect the same.
 {¶ 26} Appellant's second pro se assignment of error is, therefore, overruled.
 {¶ 27} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J. and Farmer, J. concur. Hoffman, P.J. concurs separately
[1] Two of the children were appellant's.
[2] After appellant's counsel filed an Anders brief, appellant filed a pro se brief arguing that Blakely, supra. applied to his sentencing. This Court then ordered appellant's counsel to review the record in consideration of Blakely, supra. and to file a supplemental brief.