OPINION *Page 2 
{¶ 1} Defendant-appellant Gary A. Rockwell appeals from the December 12, 2007, Judgment Entry of the Stark County Court of Common Pleas overruling his Motion to Withdraw Guilty Plea. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE ANDF FACTS {¶ 2} On September 30, 2003, appellant spread accelerant over the first floor of a residence and set the same on fire. At the time, appellant's estranged wife, her boyfriend, and three children were sleeping in the house. Two of the children were appellant's. The fire was discovered and extinguished before any one was injured.
 {¶ 3} Subsequently, on November 6, 2003, the Stark County Grand Jury indicted appellant on five counts of attempted aggravated murder in violation of R.C. 2923.02(A), felonies of the first degree, one count of aggravated burglary in violation of R.C. 2911.11(A) (1), a felony of the first degree, and one count of aggravated arson in violation of R.C. 2909.02(A) (1), also a felony of the first degree. At his arraignment on November 14, 2003, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 4} Thereafter, on December 10, 2003, appellant withdrew his former not guilty plea and pled guilty to all of the charges contained in the indictment. At the December 10, 2003, hearing, the trial court stated on the record, in relevant part, as follows:
 {¶ 5} "THE COURT: Having said all this, I want you to understand what has been brought to my attention and approved and what I would do is between the Prosecutor's office and your attorney and discussions with you, you understand that *Page 3 
you're going to receive a prison sentence that's going to total here 20 years? You understand that?
 {¶ 6} "DEFENDANT ROCKWELL: Yes I do.
 {¶ 7} "THE COURT: And, again, from all the ranges of sentences that you could get here if you were going to go to trial, you could get a sentence that could be less, could get a sentence that could be much more depending on how the Court would determine and depending on what you were found guilty of. Do you understand?
 {¶ 8} "DEFENDANT ROCKWELL: Yes, I do.
 {¶ 9} "THE COURT: It says in essence, this is an agreed upon sentence. In return for your plea of guilty, the State has recommended the sentence, the Court has approved it. Do you understand it is a 20-year sentence?
 {¶ 10} "DEFENDANT ROCKWELL: Yes I do."
 {¶ 11} (T. December 10, 2003 at 12-13).
 {¶ 12} As memorialized in a Judgment Entry filed on December 15, 2003, appellant was sentenced to an aggregate term of twenty years in prison.State v. Rockwell, No. 2004CA00193, 2005-Ohio-5213.
 {¶ 13} Appellant failed to file a timely appeal, but was granted leave to file a delayed appeal. This Court appointed counsel to represent him.
 {¶ 14} Appellant filed a pro se brief raising the following assignments of error:
 {¶ 15} "1. Appellant was deprived of his Sixth Amendment right to trial by jury where his sentence exceeded the maximum permitted by statute in the absence of additional fact finding beyond that inherent in the guilty plea, and where the fact findings *Page 4 
were not made by a jury and Appellant was not advised that he had the right to have the additional fact-finding made by a jury.
 {¶ 16} "2. The trial court erred and abused its discretion in imposing court costs against appellant who was adjudged indigent prior to sentencing, and then issuing a garnishment order, in violation of the Appellant's right to due process of law, as well as in violation of Ohio law."
 {¶ 17} Appointed counsel filed a supplemental brief, raising the following assignments of error: "1. The trial court erred in sentencing the appellant to a term greater than the minimum; 2. The trial court erred in basing its sentence of a prison term for a first degree felony on facts that were not stipulated; 3. The trial court erred in sentencing the appellant to consecutive prison terms."
 {¶ 18} On Sept. 26, 2005, this court affirmed the sentence, finding that "appellant was sentenced to the twenty year sentence that was recommended jointly by the defense and the prosecution."Rockwell, supra at ¶ 19. Because "the trial court imposed the agreed upon sentence and . . . the sentence did not exceed the maximum sentence," the court found there was no need to make the findings" otherwise required under R.C. 2929.14. Id. at ¶ 20. This court upheld the sentence, finding that appellant was sentenced in accordance with a jointly recommended sentence that was authorized by state law.
 {¶ 19} Again, appellant failed to file a timely appeal to the Ohio Supreme Court, but filed a motion for leave to file a delayed appeal on Nov. 21, 2005. On Jan. 25, 2006, the court denied his motion for leave.State v. Rockwell (2006), 108 Ohio St. 3d 1410, 841 N.E.2d 316. *Page 5 
 {¶ 20} On February 21, 2006, appellant filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction in the United States District Court, N.D. Ohio, Eastern Division. Rockwell v. Hudson (March 21, 2007), No. 5:06 CV 391, 2007WL892985. Appellant alleged in his petition that his rights "to Due Process and Equal Protection of law were violated by improper sentencing by the trial court" because "the trial court did not make the required findings before imposing consecutive sentences/non-minimum sentences on the [Petitioner." In denying the petition the federal court noted "[t]he trial court found that Rockwell's plea was entered `knowingly, voluntarily and intelligently' . . . and he does not challenge the validity of the plea on that basis." The court further noted, "Rockwell's petition for a writ of habeas corpus should be dismissed because his only claim was procedurally defaulted. Even if his claim were to be considered on the merits, Rockwell has not established that the state court decision regarding his sentencing, as a result of the plea bargain, was contrary to, or involved an unreasonable application of, clearly established federal law." The federal court concluded, "[t]he court further certifies that pursuant to 28 U.S.C. § 1915(a) (3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability, 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b)."
 {¶ 21} On June 21, 2007 appellant filed a motion for judicial release per R.C. 2929.20. The trial court overruled that motion by Judgment Entry filed June 28, 2007.
 {¶ 22} On October 5, 2007 appellant filed a motion to withdraw his plea of guilty in the trial court. The trial court, by judgment entry filed December 12, 2007, overruled appellant's motion stating: " . . . The defendant has not provided sufficient proof of being *Page 6 
promised judicial release. The record in this matter indicates that the defendant knew that his sentence would be twenty (20) years. Further, the defendant in the appellate process in previous pleadings never suggested that he was promised judicial release or that his counsel had informed him that he would receive judicial release in three (3) years. The defendant provides nothing except for his own personal affidavit to substantiate this fact. The record during the plea of guilty is silent concerning the defendant in any manner being considered for judicial release. To the contrary, the defendant was advised on several occasions that he would be receiving a twenty (20) years sentence. . . ."State v. Rockwell, Stark County Court of Common Pleas Case No. 2003-CR-1418, Judgment Entry, (filed Dec. 12, 2007), at 1.
 {¶ 23} It is from the trial court's December 12, 2007 Judgment Entry that appellant appeals raising the following five assignments of error:
 {¶ 24} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO ITS DENIAL OR HOLD AN EVIDENTIARY HEARING ON APPELLANT'S CLAIM A. POLICE UNFILLABLE [sic] PROMISE AND COERCED CONFESSION WHERE [SIC] THE RESULT OF AN INVOLUNTARY PLEA.
 {¶ 25} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO ITS DENIAL OR HOLD AN EVIDENTIARY HEARING ON APPELLANT'S CLAIM B: COUNSEL'S RELAYED THREAT AND COERCED GUILTY PLEA.
 {¶ 26} "III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO HOLD AN EVIDENTIARY HEARING ON APPELLANT'S CLAIM C: FAILURE TO *Page 7 
INFORM OF PROBATION INELIGIBILITY RESULTED IN A LESS THAN INTELLIGENT PLEA.
 {¶ 27} "IV. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO ITS DENIAL OR HOLD AN EVIDENTIARY HEARING ON APPELLANT'S CLAIM D: LACK OF MENTAL CULPABILITY RESULTED IN A LESS THAN INTELLIGENT PLEA.
 {¶ 28} "V. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO ITS DENIAL OR HOLD AN EVIDENTIARY HEARING ON APPELLANT'S CLAIM E: AFFIRMATIVE DEFENSES OF INSANITY AND INTOXICATION WHERE NOT RECOGNIZED RESULTED[sic] INEFFECTIVE ASSISTANCE OF COUNSEL."
 I, II, III, IV, V {¶ 29} Appellant's five assignments of error argue that the trial court abused its discretion in not supporting its ruling denying him an evidentiary hearing on his Crim. R. 32.1 motion, and provides separate assertions for each that all involve the ineffectiveness of his trial counsel. In essence, appellant argues in his assignments of error that his counsel failed to investigate and pursue defenses that would have resulted in his acquittal, and as a result advised and coerced him into pleading guilty. We shall address the assignments of error together.
 I. Standard of Review {¶ 30} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part: *Page 8 
 {¶ 31} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11. 1. It shall be in sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 32} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts and legal issues are more complicated. Crawford v. Eastland ShoppingMall Assn. (1983), 11 Ohio App. 3d 158.
 {¶ 33} Further, we note a reviewing court is not authorized to reverse a correct judgment merely because it was reached for the wrong reason.State v. Lozier (2004), 101 Ohio St. 3d 161, 166, 2004-Ohio-732
at ¶ 46, 803 N.E.2d 770, 775. [Citing State ex rel. McGinty v. ClevelandCity School Dist. Bd. of Edn. (1998), 81 Ohio St.3d 283, 290,690 N.E.2d 1273]; Helvering v. Gowranus (1937), 302 U.S. 238, 245, 58 S.Ct. 154,158.
 {¶ 34} This appeal shall be considered in accordance with the aforementioned rules.
 II. Guilty Plea {¶ 35} The entry of a plea of guilty is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt. See Machibroda v. United States (1962),368 U.S. 487, 82 S. Ct. 510, 7 L. Ed. 2d 473.
 {¶ 36} A plea of guilty constitutes a complete admission of guilt. Crim. R. 11 (B) (1). "By entering a plea of guilty, the accused is not simply stating that he did the *Page 9 
discreet acts described in the indictment; he is admitting guilt of a substantive crime." United v. Broce (1989), 488 U.S. 563, 570,109 S. Ct. 757, 762.
 {¶ 37} Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim. R. 11(C). State v. Ballard, 66 Ohio St.2d at 475, 20 O.O.3d at 398,423 N.E.2d at 117, citing State v. Stewart (1977), 51 Ohio St.2d 86,5 O.O.3d 52, 364 N.E.2d 1163. In State v. Griggs, 103 Ohio St.3d 85,2004-Ohio-4415, 814 N.E.2d 51, ¶ 12, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim. R. 11:
 {¶ 38} "Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice.[State v. Nero (1990),56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is `whether the plea would have otherwise been made.' Id. Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]." See, State v. Sarkozy,117 Ohio St.3d 86, 2008-Ohio-509 at ¶ 19-20.
 III. Requirements for Withdrawing Guilty Plea {¶ 39} Crim. R. 32.1 governs the withdrawal of a guilty or no contest plea and states: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set *Page 10 
aside the judgment of conviction and permit the defendant to withdraw his or her plea." In the case at bar, because appellant's request was made post-sentence, the standard by which the motion was to be considered was "to correct manifest injustice."
 {¶ 40} The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. State v. Smith (1977),49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus. A manifest injustice has been defined as a "clear or openly unjust act."State ex rel. Schneider v. Kreiner (1998), 83 Ohio St. 3d 203, 208. "`Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.'" Ruby at ¶ 11, quoting State v. Williams, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, at ¶ 5. Accordingly, under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. Smith, 49 Ohio St.2d at 264.
 {¶ 41} Although a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of a guilty plea if the request is made before sentencing, the same is not true if the request is made after the trial court has sentenced the defendant. State v. Xie (1992), 62 Ohio St. 3d 521, 526,584 N.E. 2d 715. If the request is made after sentencing a hearing is only required if the facts alleged by the defendant, and accepted as true, would require withdrawal of the plea. Id. State v. Wynn (1998),131 Ohio App.3d 725, 728, 723 N.E.2d 627, 629; State v. Blatnik (1984),17 Ohio App. 3d 201, 204, 478 N.E.2d 1016, 1020; State v. Patterson, Stark App. No. 2003CA00135, 2004-Ohio-1569 (citing State v. Blatnik (1984),17 Ohio App.3d 201, 204, 478 N.E.2d 1016). *Page 11 
 {¶ 42} With respect to statements made during change of plea hearings, the United States Supreme Court has stated, "the representation of the defendant, his lawyer, and the prosecutor in such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Machibroda v. UnitedStates (1962), 368 U.S. 487, 497, 82 S.Ct. 510, 515. Generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice. Patterson, supra (citing State v. Laster, Montgomery App. No. 19387, 2003-Ohio-1564). An appellant's bare assertions of coercion are self-serving and insufficient to show manifest injustice. See State v. Brown, 167 Ohio App.3d 239, 2006-Ohio3266, at ¶ 13. The good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by the trial court.Smith, supra, 49 Ohio St.2d at paragraph two of the syllabus.
 {¶ 43} Importantly, "an undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim. R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." State v.Bush, 96 Ohio St.3d 235, 2002-Ohio-3393. See also State v.Copeland-Jackson, Ashland App. No. 02COA018, 2003-Ohio-1043 ([t]he length of passage of time between the entry of a plea and a defendant's filing of a Crim. R. 32.1 motion is a valid factor in determining whether a "manifest injustice" has occurred. *Page 12 
 {¶ 44} In the case at bar, appellant entered his plea in December 2003. Appellant's motion to withdraw that plea was filed nearly four (4) years later on October 5, 2007. Additionally, it is worth noting that appellant did not file the motion to withdraw until after: 1). this Court affirmed the trial court's judgment entry of conviction and sentence on direct appeal; 2). the Ohio Supreme Court overruled appellant's motion to file a delayed appeal; 3). the United States District Court denied his petition for writ of habeas corpus; and 4). the trial court overruled his motion for judicial release.
 IV. Ineffective Assistance of Trial Counsel {¶ 45} According to appellant in the case at bar, his counsel did not challenge or investigate his alleged coerced confession to police and his eligibility for judicial release. Further, appellant claims his trial counsels failure to recognize his lack of mental culpability as a defense, as well as the affirmative defenses of insanity and intoxication renders his plea constitutionally infirm. The appellant's assertions and claims can be boiled down to a claim of ineffectiveness based on counsels failure to investigate and consider possible defenses, which compelled counsel apparently to coerce appellant into pleading guilty.
 A. Standard of Proof {¶ 46} Challenges to guilty pleas based on allegations of ineffective assistance of counsel during the plea process are evaluated under the familiar two-pronged cause and prejudice test of Strickland v.Washington, 466 U.S. 668, 687-88, 694 (1984). Hill v. Lockhart (1985),474 U.S. 52, 58. In order to satisfy the second prong in the context of a plea, appellant must show that "there is a reasonable probability that, but for counsel's *Page 13 
errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59, 106 S.Ct. 366.
 {¶ 47} In State v. Kapper (1983), 5 Ohio St.3d 36, 448 N.E.2d 823, cert. denied (1983), 464 U.S. 856 the Ohio Supreme Court reviewed the ineffectiveness claim in the context of the allegation of a coerced guilty plea. The ineffectiveness claim was raised in the context of a post-conviction relief petition [R.C. 2953.21], and the Ohio Supreme Court upheld its summary dismissal by the trial court because the petitioner had not supported his assertions with any evidentiary materials other than his self-serving affidavit. In so ruling, the Supreme Court adopted the proposed rationale of the State:
 {¶ 48} "`As in the case of ineffective assistance of counsel, an allegation of a coerced guilty plea involves actions over which the State has no control. Therefore, the defendant must bear the initial burden of submitting affidavits or other supporting materials to indicate that he is entitled to relief. Defendant's own self-serving declarations or affidavits alleging a coerced guilty plea are insufficient to rebut the record on review that shows that his plea was voluntary. A letter or affidavit from the court, prosecutors or defense counsel alleging a defect in the plea process may be sufficient to rebut the record on review and require an evidentiary hearing.' We find this rationale persuasive." Kapper, 5 Ohio St.3d at 38, 448 N.E.2d at 826.
 {¶ 49} Additionally, Ohio courts recognize an exception to the doctrine of res judicata in post conviction proceedings when the petitioner presents new and competent evidence outside the record. See, e.g., State v. Elmore, 5th Dist. No. 2005-CA-32, 2005-Ohio-5940
at ¶ 21-22. In State v. Phillips, 9th Dist. No. 20692, 2002-Ohio-823, the court noted, "[significantly, evidence outside the record alone will not guarantee the *Page 14 
right to an evidentiary hearing. State v. Combs (1994),100 Ohio App. 3d 90, 97, 652 N.E. 2d 205. Such evidence `must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of [State v. Perry (1967), 10 Ohio St.2d 175] by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery. (Citation omitted.) Thus, the evidence must not be merely cumulative of or alternative to evidence presented at trial. Combs, 100 Ohio App.3d at 98, 652 N.E.2d 205."
 {¶ 50} The rationale is also persuasive in the context of a motion to withdraw guilty plea. The defendant who seeks to withdraw his guilty plea has the burden to demonstrate manifest injustice, and cannot rely solely on his self-serving assertions and allegations with respect to counsel's representation of him.
 B. Police Misconduct {¶ 51} Appellant first contends that the police promised him a minimum sentence if he cooperated with the investigation. Appellant further contends that the police told him he would be physically forced to take a lie detector test if he refused. Appellant presented only his own affidavit in support of these claims.
 {¶ 52} Appellant has not factually substantiated his claim. Further, the record does not indicate that appellant has made any effort to show that he could not with reasonable diligence have discovered and produced evidence of alleged police coercion before he entered his plea or during his initial appeal to this Court.
 {¶ 53} In the case at bar, appellant's bare assertions of coercion are self-serving and insufficient to show manifest injustice. See State v.Brown, 167 Ohio App. 3d 239, *Page 15 
2006-Ohio3266, at ¶ 13. Appellant submitted no other evidence from outside the record in support of his claim that the police improperly coerced him.
 C. Trial Counsel's Representations Concerning Sentencing {¶ 54} Appellant next contends that trial counsel was ineffective because she implied that appellant would receive the maximum penalty if convicted after a jury trial and this exerted so much pressure upon him as to disable him from making a free and rationale choice to plead guilty. [Appellant's Brief at 14]. We disagree.
 {¶ 55} "`A lawyer has a duty to give the accused an honest appraisal of his case. * * * Counsel has a duty to be candid; he has no duty to be optimistic when the facts do not warrant optimism.'" Brown v. UnitedStates (C.A.D.C. 1959), 264 F.2d 363, 369 (en banc), quoted in McKee v.Harris (C.A.2, 1981), 649 F.2d 927, 932. "`If the rule were otherwise, appointed counsel could be replaced for doing little more than giving their clients honest advice.'" McKee, 649 F.2d at 932, quoting McKee v.Harris (S.D.N.Y. 1980), 485 F. Supp. 866, 869." Id. at 73, 717 N.E. 2d at 304-305.
 {¶ 56} In the case at bar, appellant admitted that he had met with his attorney, discussed the case and the plea bargain, and was satisfied with the legal advice she had given him. Further appellant stated that no one had threatened him and that it was his voluntary choice to plead guilty. Indeed, appellant indicated that he understood all of the proceedings, the rights he was waiving, the implications of his plea and the sentence he would receive.
 {¶ 57} Because appellant in this case failed to allege the kind of "prejudice" necessary to satisfy the second half of the Strickland v.Washington test, the appellant has not shown that the ultimate result that was reached was either unfair or unreliable. *Page 16 
The record of this case supports a finding that trial counsel was simply giving appellant an honest appraisal of his case.
 D. Alleged Promise of Judicial Release {¶ 58} Appellant next contends that his trial counsel was ineffective for "misleading" him as to his eligibility for judicial release. Appellant claims that he was promised judicial release after serving three years of his sentence. Appellant contends that he was further mislead because the trial court failed to inform him that he was in fact not eligible for judicial release. We disagree.
 {¶ 59} The record does not support appellant's contention that his guilty pleas were influenced by any alleged representations by trial counsel that he would be eligible to apply for judicial release. InState v. Nero (1990), 56 Ohio St.3d 106, 564 N.E.2d 474, the Ohio Supreme Court set forth the following standard to be followed by appellate courts in reviewing a motion to withdraw a plea of guilty when the trial court fails to inform the defendant that he is not eligible for probation:
 {¶ 60} "While the record in the instant case indicates that the trial judge did inform Nero of the constitutional rights he was waiving by pleading guilty, it is undisputed that the judge did not inform Nero, as Crim. R. 11(C) (2) (a) requires, that Nero was ineligible for probation. Literal compliance with Crim. R. 11 is certainly the preferred practice, but the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance. Stewart, supra." Id. at 108, 564 N.E. 2d at 476.
 {¶ 61} At neither, the plea portion of the hearing nor the sentencing phase of the hearing was there any mention, by either the trial court or trial counsel, regarding *Page 17 
appellant's eligibility for judicial release. The State indicated to the trial court that this was a negotiated plea. (T. at 3). Appellant agreed. (Id. at 12-13). The trial court further informed appellant, prior to accepting his plea of the maximum sentences for each offenses and the possibility that the sentences could be ordered to be served consecutively. (T. at 10-12). Appellant acknowledged that he understood. (Id.). Appellant acknowledged that the recommended sentence was for twenty years. (T. at 12-13). Appellant acknowledged to the trial court that, other than the recommendation of a twenty-year sentence no other promises were made. (T. at 13-14).
 {¶ 62} At no time during either the plea or sentencing phase of the hearing, did appellant ask any questions regarding the penalties involved for the charges to which he was pleading guilty, nor did appellant inquire as to any possibilities for judicial release or applying for the same. Appellant made no mention of a promise of judicial release in the motion for judicial release that he filed with the trial court on June 21, 2007.
 {¶ 63} Appellant had a powerful incentive to enter a guilty plea, even with the understanding that he would serve twenty years. Appellant was originally indicted on five counts of attempted aggravated murder in violation of R.C. 2923.02(A), felonies of the first degree, one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree, and one count of aggravated arson in violation of R.C. 2909.02(A)(1), also a felony of the first degree. Thus, appellant was facing, if convicted, a maximum potential sentence of seventy (70) years incarceration. In exchange for his plea of guilty, the State recommended a sentence of twenty (20) years. The evidence against appellant included his own admission to the crimes. *Page 18 
 {¶ 64} Appellant does not maintain that he was told he would be eligible for judicial release only if he pleaded guilty, nor has he otherwise indicated any "special circumstances" that might support a reasonable inference that judicial release was particularly important.Hill, 474 U.S. at 60.
 {¶ 65} If, in fact, appellant subjectively held some such belief that he would be eligible for judicial release there is no evidence of it in the record or that such belief was essential to his decision to plead guilty. "[Petitioner] wants us to rely on his allegedsubjective impression of what his plea bargain was, rather than the bargain outlined in the record. The record in the case indicates that [Petitioner] responded negatively (and, he wants us to believe,untruthfully) to a judge's inquiry as to whether any promises had been made to him in order to get him to so plead.
 {¶ 66} "If we were to rely on [Petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioner's such as Ramos from making the precise claim that is today before us. Where the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry." Ramos v. Rogers, 170 F.3d at 566 (emphasis in original, and citing Baker v. United States, 781 F.2d 85, 90). There is no constitutional or inherent right to be released before the expiration of a valid sentence. Greenholtz v. Inmates of *Page 19 Nebraska Penal Correctional Complex (1979), 442 U.S. 1, 7,97 S.Ct. 2100, 2104; State ex rel. Hogan v. Ghee (1999), 85 Ohio St.3d 150, 151,707 N.E.2d 494, 495.
 {¶ 67} We hold, therefore, that the totality of the circumstances indicates that the appellant knew he was ineligible for judicial release and was not prejudiced by the trial court's failure to comply with Crim. R. 11(C) (2). In the case at bar, the trial court substantially complied with the requirements of Crim. R. 11(C). State v. Nero, supra. E. Counsels Failure to Recognize Lack of Mental Culpability, Insanity and Intoxication
 as a Defense
1). Competency to enter plea.
 {¶ 68} Appellant contends in assignments of error four and five that his trial counsel was ineffective because she did not challenge or investigate the lack of mental culpability, insanity and intoxication as possible defenses at trial. Appellant contends that this failure rendered his plea involuntary. We disagree.
 {¶ 69} In the context of a criminal trial a trial court's failure to hold a competency hearing does not rise to constitutional proportions unless the record contains sufficient indicia of incompetency. State v.Bock (1986), 28 Ohio St. 3d 108, 502 N.E.2d 1016. According toBock, "[i]ncompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel."Id. at 110, 502 N.E. 2d 1016.
 {¶ 70} Under the doctrine of res judicata, a final judgment bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of *Page 20 
due process that the defendant raised or could have raised at trial or on appeal. State v. Szefcyk (1996), 77 Ohio St.3d 93, 96,671 N.E.2d 233, reaffirming State v. Perry (1967), 10 Ohio St.2d 175,39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus. "More specifically, a criminal defendant cannot raise any issue in a post-sentence motion to withdraw a guilty plea that was or could have been raised at trial or on direct appeal. State v. Reed, Mahoning App. No. 04 MA 236,2005-Ohio-2925, 2005 WL 1385711; State v. Zinn, Jackson App. No. 04CA1,2005-Ohio-525, 2005 WL 318690; State v. Robinson, Cuyahoga App. No. 85266, 2005-Ohio-4154, 2005 WL 1926043; State v. Rexroad, Summit App. No. 22214, 2004-Ohio-6271, 2004 WL 2674605; State v. Reynolds, Putnam App. No. 12-01-11, 2002-Ohio-2823, 2002 WL 1299990; State v. Wyrick
(Aug. 31, 2001), Fairfield App. No. 01CA17, 2001 WL 1025811; State v.Jackson (Mar. 31, 2000), Trumbull App. No. 98-T-0182, 2000 WL 522440;State v. Jeffries (July 30, 1999), Wood App. No. L-98-1316,1999 WL 550251." State v. Brown, supra 167 Ohio App.3d 242, 2006-Ohio3266, at ¶ 7.
 {¶ 71} As the federal court has noted, appellant did not challenge the voluntary nature of his plea in either the delayed appeal in this Court or in the habeas petition in the federal court. Appellant was not only represented on his appeal as of right by different counsel, but appellant filed his own pro se brief on appeal. Appellant provides no explanation for not raising this issue in his appeal, in his writ of habeas corpus in the United States District Court or in his motion for judicial release filed in the trial court. Accordingly, appellant's claim is barred. *Page 21 
 {¶ 72} Additionally, after a careful review of the record in the case at bar, we are satisfied that no evidence exists to suggest appellant was incompetent at the time he entered his negotiated plea in the case at bar.
2). Voluntary Intoxication.
 {¶ 73} Appellant next claims that he was so intoxicated that he could not have formed the specific intent to commit the crimes with which he was charged. We disagree.
 {¶ 74} A defendant may present non-expert testimony in an effort to prove that he was so intoxicated as to be mentally unable to intend anything ([i.e.] unconscious) [.]State v. Wilcox (1982),70 Ohio St.2d 182, 194, 24 O.O.3d 284, 291, 436 N.E.2d 523, 530, quoting State v.Jackson (1972), 32 Ohio St.2d 203, 206, 61 O.O.2d 433, 434,291 N.E.2d 432, 433; see, also, State v. Fox (1981), 68 Ohio St.2d 53,22 O.O.3d 259, 428 N.E.2d 410; State v. Huertas (1990), 51 Ohio St.3d 22, 27,553 N.E.2d 1058, 1065. [Quotation marks omitted]. However, Ohio law does not recognize the defense of "diminished capacity." Wilcox, supra, paragraph one of the syllabus. Further, except in the mitigation phase, a defendant may not introduce expert psychiatric testimony unrelated to the insanity defense for the purpose of showing that he lacked the capacity to form the specific mental state required for a particular crime. Wilcox, supra, 70 Ohio St.2d. at paragraph two of the syllabus;State v. Fulmer, 2008-Ohio-936 at ¶ 70; State v. Cooey (1989),46 Ohio St. 3d 20, 544 N.E.2d 895, paragraph one of the syllabus.
 {¶ 75} We have reviewed the evidence and find that there was sufficient evidence from which reasonable minds could find appellant acted with specific intent. Appellant admitted to the police that he had purchased the lighter fluid weeks earlier *Page 22 
because he had thought about committing the crimes earlier; he further admitted to parking his car on a nearby street and then walking to the residence; after appellant doused the home with lighter fluid and lighting a burner on the stove he left the residence and threw the empty cans of lighter fluid out the car window; after arriving home appellant listened to his police scanner; with scanner in hand appellant attempted to return to the scene, but decided not to return when he heard on the police scanner that the fire department and the police department were at the scene.
 {¶ 76} There is nothing in the record of this case to suggest that appellant was so intoxicated as to be mentally unable to intend anything, i.e. unconscious. The mere fact that a defendant is intoxicated does not make him incapable of acting with purpose.State v. Huertas (1990), 51 Ohio St. 3d 22, 28, 553 N.E.2d 1058. Intoxication, even severe intoxication, can co-exist with purpose.State v. Hicks, supra, at 74, 538 N.E.2d 1030. Intoxication "is often voluntarily induced for the sole purpose of nerving a wicked heart to the firmness requisite for the commission of a crime soberly premeditated, or as an excuse for such crime. * * *" Nichols v.State (1858), 8 Ohio St. 435, 439-440.
 {¶ 77} The record does not show that counsel either performed deficiently or prejudiced appellant by failing to pursue a voluntary-intoxication defense. State v. Campbell (2000),90 Ohio St. 3d 320, 338, 738 N.E.2d 1178, 1199.
3). Insanity.
 {¶ 78} A plea of not guilty by reason of insanity is an affirmative defense that must be proven by a preponderance of the evidence. R.C. 2901.05(A); State v. Filiaggi (1999), 86 Ohio St.3d 230, 242,714 N.E.2d 867, certiorari denied (2000), 528 U.S. 1090, 120 S. Ct. 821,145 L.Ed.2d 691, citing State v. Brown (1983), 5 Ohio St.3d 133, *Page 23 5 OBR 266, 449 N.E.2d 449. To succeed upon such a defense, a party must prove that "at the time of the commission of the offense, the person did not know, as a result of a severe mental disease or defect, the wrongfulness of the person's acts." R.C. 2901.01(A)(14); State v.Caes (Mar. 9, 2001), 2d Dist. No. 17917, 2001 WL 227356, appeal not allowed (2001), 92 Ohio St.3d 1441, 751 N.E.2d 481. However, "[p]roof that a person's reason, at the time of the commission of an offense was so impaired that the person did not have the ability to refrain from doing the person's act or acts, does not constitute a defense."State v. Sanders (July 21, 2000), 2d Dist. No. 17718, 2000 WL 1006574.
 {¶ 79} There is nothing in the record of this case to suggest that appellant suffered from a "severe mental disease or defect." Accordingly, based upon the record before us, counsel could have tactically decided that an insanity defense had no reasonable chance of success. Counsel need not raise every conceivable, tenuous defense on the vague hope that some jury might accept it.
 {¶ 80} Further, the partial defense of diminished capacity is not recognized in Ohio. State v. Jackson (1972), 32 Ohio St.2d 203, 206,61 O.O.2d 433, 291 N.E.2d 432; State v. Wilcox (1982), 70 Ohio St. 2d 182,24 O.O.3d 284, 436 N.E.2d 523, paragraph one of the syllabus. "In cases in which a defendant asserts the functional equivalent of a diminished capacity defense, the trial court should instruct the jury to disregard the evidence used to support that defense unless the defendant can demonstrate that the evidence is relevant and probative for purposes other than a diminished capacity defense." State v. Fulmer,2008-Ohio-936 at ¶ 70. *Page 24 
 {¶ 81} The non-certified copies of appellant's medical records submitted by the appellant in support of his motion to withdraw his plea of guilty are dated September 3, 2003. The offenses are alleged to have occurred on September 30, 2003. The appellant presented no evidence as to how any condition occurring on September 3, 2003 affected the appellant on September 30, 2003 and continued to affect him at the time he entered his plea on December 10, 2003. Accordingly, the records are of marginal significance. "Evidence presented outside the record must meet some threshold standard of cogency' to advance the petitioner's claim beyond mere hypothesis." State v. Brown (Jan. 14, 2000), Lucas App. No.L-99-1251, quoting State v. Lawson (1995), 103 Ohio App.3d 307,315, 659 N.E.2d 362 (citation omitted).
 {¶ 82} Appellant has failed to establish a manifest injustice warranting the withdrawal of his guilty plea. State v. Smith (1977),49 Ohio St. 2d 261, 361 N.E.2d 1324.
 {¶ 83} Since appellant's claim was not supported by anything in the record, the trial court did not abuse its discretion in this case by overruling appellant's post-sentence motion to withdraw his negotiated guilty plea without first conducting an evidentiary hearing.
 {¶ 84} Appellant's five assignments of error are overruled in their entirety. *Page 25 
 {¶ 85} For the foregoing reasons, Common Pleas, Ohio, is affirmed.
 Gwin, P.J., Edwards, J., and Delaney, J., concur. *Page 26 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Ohio, is affirmed. Costs to appellant. *Page 1