[Cite as *State v. Staats*, 2016-Ohio-4650.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case Nos. 2014 CA 00197 and<br>2015 CA 00216 |
| GARY STAATS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  2014 CR 01179(A)


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      June 27, 2016


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

JOHN D. FERRERO                     DONOVAN HILL
PROSECUTING ATTORNEY                116 Cleveland Avenue, NW
RENEE M. WATSON                     808 Courtyard Centre
ASSISTANT PROSECUTOR                Canton, Ohio  44702
110 Central Plaza South, Suite 510
Canton, Ohio  44702-1413

*Wise, J.*

{¶1}    Defendant-Appellant Gary C. Staats appeals from the decisions of the Court of Common Pleas, Stark County, denying his two motions to withdraw his 2014 guilty pleas.  Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows:

{¶2}    On July 11, 2014, appellant and three other individuals perpetrated a home invasion at the Canton residence of Barbra Deets. Deets was present in her home at the time, along with Ronnie Postlewaite (aka Ronnie Postlethwaite), Teresa Scharon, and two other persons.

{¶3}    On August 25, 2014, in regard to the aforesaid incident, the Stark County Grand Jury indicted appellant on one count of aggravated burglary (R.C. 2911.11(A)(1)), a felony of the first degree, and one count of felonious assault (R.C. 2903.11(A)(1) and/or (A)(2)), a felony of the second degree. At his arraignment, appellant entered a plea of not guilty to the charges.

{¶4}    On October 6, 2014, appellant withdrew his former plea and entered a plea of guilty to both charges. Via a judgment entry filed on October 9, 2014, appellant was sentenced to six years on each count. The trial court ordered that the sentences be served concurrently, for an aggregate sentence of six years in prison.

{¶5}    Appellant then filed a direct appeal to this Court from his convictions and sentence. The direct appeal was assigned appellate case number 2014CA00197, but we dismissed same on May 5, 2015 for want of prosecution. However, as further discussed *infra*, case number 2014CA00197 was reinstated via a judgment entry from this Court on July 15, 2015.

{¶6} On May 18, 2015, appellant filed in the trial court a *pro se* "Post-conviction Relief 2953.21 - Pitition [*sic*] to Vacate or Set Aside Judgement [*sic*] of Conviction or Sentence." Appellant therein alleged that his trial counsel had had a conflict of interest and that said counsel had been ineffective on several grounds.

{¶7} Also on May 18, 2015, appellant filed a *pro se* "Supplementary Constitutional Claim" in connection with his aforesaid petition for post–conviction relief. Appellant therein argued that his right to confront his accusers and cross-examine witnesses had been violated and that the investigating officer had distorted the facts and evidence.

{¶8} Also on May 18, 2015, appellant filed a *pro se* "Motion for Withdrawal of Guilty Plea – Rule 32.1."

{¶9} On May 28, 2015, appellant filed a *pro se* "Supplemental Affidavit" in support of his Petition for Post–Conviction Relief and Motion for Withdrawal of Guilty Plea.

{¶10} Between May 28, 2015 and August 24, 2015, appellant filed numerous additional *pro se* motions and/or supplements to his earlier pleadings, the details of which are not critical to the analysis herein.

{¶11} The trial court issued several judgment entries on September 24, 2015, in response to the aforesaid filings. Among other things, the trial court denied appellant's May 18, 2015 petition for post–conviction relief and the supplement to the same that had been filed the same day. Furthermore, the trial court denied appellant's May 18, 2015 motion to withdraw guilty plea, finding no "manifest injustice" had occurred under Crim.R. 32.1.

**{¶12}** Appellant then filed a notice of appeal, raising assigned errors going to the trial court's decision to deny his petition for post-conviction relief. On May 9, 2016, this Court overruled his two assigned errors, finding *inter alia* that the trial court's September 24, 2015 judgment entry denying post-conviction relief had adequately addressed appellant's arguments and explained the trial court's reasons for denial. *See State v. Staats*, 5th Dist. Stark No. 2015CA00207, 2016-Ohio-2921.

**{¶13}** In the meantime, on September 29, 2015, appellant, with the assistance of counsel, filed another motion to withdraw his guilty plea in the trial court. On November 6, 2015, the trial court issued a judgment entry denying said motion, stating it was relying on "the same reasons previously outlined by the court in its entry [of] September 24, 2015, denying a similar motion by the defendant ***." Judgment Entry at 1.

**{¶14}** On December 8, 2015, appellant filed a *pro se* notice of appeal, which was designated as appellate case number 2015CA00216.[1]

**{¶15}** We now consider the following sole Assignment of Error under both appellate case numbers:

---

[1] This matter has had an unusual procedural history in this Court. As indicated previously, the revived case number 2014CA00197 had originally commenced as a direct appeal of appellant's 2014 convictions and sentence. On December 17, 2015, appellant, via counsel, filed a "notice of amended appeal" in 2014CA00197, indicating that appellant desired to challenge under that case number the November 6, 2015 denial of the second motion to withdraw guilty plea. *See* App.R. 3(F). Meanwhile, case number 2015CA00216 was initiated pro se by appellant (albeit facially untimely) to challenge the September 24, 2015 denial of the first motion to withdraw guilty plea. On January 12, 2016, we issued a procedural order consolidating 2014CA00197 and 2015CA00216, stating that "[t]he error raised by counsel in case 2014CA00197 sufficiently covers both entries." Neither party has asked us to reconsider our January 12, 2016 procedural order; therefore, in this consolidated opinion we are treating 2014CA00197 as an appeal of the trial court's November 6, 2015 denial of the second motion to withdraw guilty plea and treating 2015CA00216 as a delayed appeal of the trial court's September 24, 2015 denial of the first motion to withdraw guilty plea.

**{¶16}** "I.  THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO WITHDRAW PLEA."

I.

**{¶17}** In his sole Assignment of Error, appellant argues that the trial court abused its discretion in denying his Crim.R. 32.1 motion to withdraw his guilty plea, post-sentence. We disagree.

**{¶18}** Crim.R. 32.1 states as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

**{¶19}** Our review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *State v. Caraballo* (1985), 17 Ohio St.3d 66, 477 N.E.2d 627. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. " * * * [T]he good faith, credibility and weight of the movant's assertions in support of the [Crim.R. 32.1] motion are matters to be resolved by [the trial] court." *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus.

**{¶20}** Ineffective assistance of counsel can form the basis for a claim of manifest injustice to support withdrawal of a guilty plea pursuant to Crim.R. 32.1. *See State v. Dalton,* 153 Ohio App.3d 286, 292, 2003–Ohio–3813, ¶ 18. However, under the "manifest injustice" standard, a post-sentence withdrawal motion is allowable only in extraordinary

cases. *State v. Aleshire,* Licking App.No. 09–CA–132, 2010–Ohio–2566, ¶ 60, citing *Smith, supra,* at 264. Furthermore, "* * * if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. * * *" *State v. Peterseim* (1980), 68 Ohio App.2d 211, 213, 428 N.E.2d 863, quoting *Kadwell v. United States* (C.A.9, 1963), 315 F.2d 667. A Crim.R. 32.1 motion is not a collateral challenge to the validity of a conviction or sentence, and instead only focuses on the plea. See *State v. Bush,* 96 Ohio St.3d 235, 773 N.E.2d 522, 2002–Ohio–3993, ¶ 13.

**{¶21}** If a request for a Crim.R. 32.1 hearing is made after sentencing, such hearing is only required if the facts alleged by the defendant, and accepted as true, would require withdrawal of the plea. *State v. Rockwell*, 5th Dist. Stark No. 2008-CA-00009, 2008-Ohio-2162, ¶ 41.

### *Trial Court's September 24, 2015 Denial of Motion to Withdraw Plea*

**{¶22}** Appellant presented three basic grounds for relief in his *pro se* May 18, 2015 Crim.R. 32.1 motion to withdraw plea. He first alleged that some of the pre-trial discovery material was marked "counsel only," which he claims was not discussed with him by his trial attorney. He secondly alleged he was on prescription Prozac at the time of the plea and this affected his acknowledgements and understandings during the plea colloquy. Finally, he alleged that Barbra Deets, the homeowner, now denies that there was an unwelcome entry at her residence on the date of the crime.

**{¶23}** Upon review, we find appellant, relying on his own self-serving statements, has failed to demonstrate the prejudicial impact of the alleged discovery concerns. Furthermore, in record to his claimed Prozac use, the record reveals appellant was given

a full colloquy at the time of his plea, including inquiry by the trial court regarding his claimed medication usage and whether he understood the nature of the charges and the consequences of his plea. *See* Tr., Plea Hearing, at 4-18*.* Lastly, given that there were several potential witnesses at the scene of the crime, we are unpersuaded that the apparent recanting by Ms. Deets as to the burglary event would warrant a post-sentence withdraw of appellant's guilty pleas. We are therefore unpersuaded the trial court abused its discretion in declining to find a manifest injustice warranting the extraordinary step of negating appellant's plea, and we further find the trial court did not err or abuse its discretion in denying appellant's motion to withdraw plea without conducting an evidentiary hearing.

### *Trial Court's November 6, 2015 Denial of Motion to Withdraw Plea*

**{¶24}** As noted in our recitation of facts, appellant filed a second Crim.R. 32.1 motion to withdraw plea motion just five days after the trial court had denied his first such motion. Appellant herein does not explain why the doctrine of *res judicata* should not bar his arguments in regard to said second motion. Generally, *res judicata* prevents a defendant from raising claims that were or could have been raised in a prior Crim.R. 32.1 motion. *See State v. Vincent,* 4th Dist. Ross No. 03CA2713, 2003-Ohio-3998, ¶ 11. *See, also, State v. Gallegos-Martinez*, 5th Dist. Delaware No. 10-CAA-06-0043, 2010-Ohio-6463, ¶ 12.

**{¶25}** Appellant's sole Assignment of Error is therefore overruled.

**{¶26}** For the foregoing reasons, the judgments of the Court of Common Pleas, Stark County, Ohio, are hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.

JWW/d 0609