OPINION
{¶ 1} Defendant-appellant Bryan C. Jackson appeals from the denial of a petition for postconviction relief and a motion to withdraw a guilty plea by the Delaware County Court of Common Pleas on one count of trafficking in cocaine and one count of possession of cocaine in case number 04CA-A-11-078, and two counts of trafficking in cocaine and one count of possession of cocaine, in case number 04CA-A-11-079. The plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 13, 2001, in Delaware County Court of Common Pleas case 01CR-I-07-236, appellant was indicted on two counts of trafficking in cocaine, in violation of R.C. 2925.03(A)(1), and one count of possession of cocaine, in violation of R.C. 2925.11(A). On November 8, 2001, by separate indictment in Delaware County Court of Common Pleas case 01CR-I-11-434, appellant was indicted, on two counts of trafficking in cocaine, in violation of R.C. 2925.03(A)(1) and one count of possession of cocaine, in violation of R.C. 2925.11(A). Appellant committed these subsequent offenses while on bond in the initial case, 01CR-I-07-236.
 {¶ 3} Initially, appellant entered not guilty pleas to all counts. However, on April 25, 2002, appellant entered guilty pleas to one count of trafficking in cocaine and one count of possession of cocaine in case number 01CR-I-07-236. In exchange, the State dismissed one count of trafficking in cocaine. In addition, appellant entered guilty pleas to all three counts of the indictment in case number 01CR-I-0-11-434.
 {¶ 4} On June 19, 2002, appellant was sentenced in both cases. In case number 01CR-I-07-236, appellant was sentenced to serve two years of imprisonment on the count of trafficking in cocaine and three years of imprisonment on the count of possession of cocaine. The court ordered that these sentences be served consecutively. In case number 01CR-I-11-434 appellant was sentenced to 11 months of imprisonment on each of two counts of trafficking in cocaine which were ordered to be served concurrently. As to the count of possession of cocaine, appellant was ordered to serve four years of imprisonment, to be served consecutively with the sentences imposed for the counts of trafficking in cocaine. In addition, the trial court ordered that the sentences in case number 01CR-I-11-434 be served consecutively to the sentences imposed in case number 01CR-I-07-236, for a cumulative total of nine years and 11 months in imprison.
 {¶ 5} On December 16, 2002, appellant, filed a motion to set aside and vacate his sentence, pursuant to R.C. 2953.21 (postconviction relief), or in the alternative, to withdraw his guilty pleas, pursuant to Crim. R. 32.1. Appellant's motion was based upon an assertion that appellant's pleas were not voluntarily or knowingly entered and resulted from ineffective assistance of counsel in that counsel informed appellant that he would receive a substantially lesser sentence than six or seven years in prison if appellant pled guilty. Appellant claimed that counsel's assertion regarding the sentence induced the plea.
 {¶ 6} Attached to the motion was the sworn affidavit of appellant's prior counsel. According to the affidavit, while representing appellant, the prosecution made a plea offer of six or seven years of imprisonment and counsel told appellant "not to accept it because [counsel] could get [appellant] substantially less time" in prison than offered by the prosecution in the deal. The affidavit went on to say that prior counsel told appellant "to enter the plea because [appellant] would receive substantially less time than was offered by the prosecution." Also attached to the motion was an affidavit by appellant. In the affidavit, appellant stated that his prior counsel told him that the prosecution had made a plea offer of six or seven years, that counsel told appellant not to accept the offer and that counsel could get appellant substantially less time and that counsel told appellant he would receive a sentence which was substantially less than was offered by the State.
 {¶ 7} Hearings on appellant's motion were held on March 30, 2004, April 2, 2004, May 10, 2004, and May 28, 2004. Appellant's prior counsel was subpoenaed to testify at the hearings. Initially, appellant's prior counsel denied signing the affidavit presented by appellant. Appellant's prior counsel recalled signing an affidavit, but he did not believe that the affidavit presented was the affidavit he signed. Counsel asserted that he would never sign anything like that affidavit because he would never guarantee a client that he could get the client less time. Transcript of Proceedings, April 2, 2004, pg. 18. Ultimately, prior counsel acknowledged that he had signed the affidavit in question. At that time, appellant's prior counsel explained that the portion of the affidavit that stated that counsel would get appellant less time than offered by the State was an incomplete statement of the situation. Counsel claimed that there were contingencies involved with appellant getting less time. Specifically, counsel had sought a psychiatric or psychological evaluation of appellant. Counsel thought that this would be beneficial because, in counsel's opinion, appellant was a smart, nice young man who may have been engaged in some sort of self destructive behavior. Counsel believed that the evaluation results would improve appellant's sentence. Counsel acknowledged that appellant's actual sentence came as a surprise to him. Transcript of proceedings, pgs. 11-12, May 28, 2004. When questioned by the court, counsel confirmed that he had not told appellant that either the prosecutor or the Judge had indicated what the sentence would be and that he never told appellant that the sentence had been established. Transcript of Proceedings, May 28, 2004, pg. 20-21. Further, prior counsel stated that appellant never indicated to him that he (appellant) expected a specific sentence. Id. In fact, appellant's prior counsel stated that it was appellant's decision to "fight over sentencing" and that he told appellant that he liked that choice because they would "put up a good fight and try to do one better." Id. at 15. Appellant's prior counsel concluded that, essentially, because counsel had been so successful in the past when representing appellant, appellant may have believed that counsel would do more than counsel could do. Id.
 {¶ 8} Appellant's father, Edwin Hogan, also testified at the hearings. The belief that a psychological evaluation could result in a sentence of less than six or seven years was reiterated by Mr. Hogan. Transcript of Proceedings, March 30, 2004, pgs. 18-20. Mr. Hogan testified that he retained the prior counsel for his son. Mr. Hogan claimed that counsel told him that counsel "could" get appellant less time than six or seven years if appellant took a psychological evaluation. Mr. Hogan confirmed that his understanding was that this connoted a possibility of a lesser sentence, not that counsel said he "would" get appellant a lesser sentence. Id. Mr. Hogan testified that appellant was given a drug assessment evaluation and the results were given to the trial judge on the day of sentencing. Id.
 {¶ 9} On November 1, 2004, the trial court overruled appellant's motions. The trial court concluded that appellant entered his pleas knowingly and voluntarily. The trial court found that, at the change of plea hearing the trial court engaged appellant in a "painstaking process of questioning," which clearly indicated that the judge would be determining the sentence and clearly explained the possible range of sentences. According to the transcript of the change of plea hearing, which was admitted into evidence at the hearing, appellant indicated his understanding. In denying appellant's motion, the trial court noted that while every defendant relies upon trial counsel to obtain the best results possible, the fact that appellant was unhappy with the result did not warrant vacating the plea. November 1, 2004, Judgment Entry.
 {¶ 10} It is from that Judgment Entry that appellant appeals, raising the following assignment of error:
 {¶ 11} "MR. JACKSON WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHERE HIS COUNSEL INDUCED HIM TO WAIVE HIS RIGHT TO A JURY TRIAL AND PLEAD GUILTY BASED UPON THE FALSE ASSURANCE THAT, IF HE DID SO, MR. JACKSON WOULD RECEIVE A SENTENCE WHICH WAS SUBSTANTIALLY LESS THAN SIX OR SEVEN YEARS."
 {¶ 12} This case reaches this court upon the trial court's denial of appellant's motion to vacate sentence, pursuant to R.C. 2953.21, or, in the alternative, motion to withdraw appellant's guilty plea, pursuant to Crim. R. 32.1. We find no grounds for reversal.
 {¶ 13} It is well settled that a petition for postconviction relief brought pursuant to R.C. 2953.21 will be granted only where the denial or infringement of constitutional rights is so substantial as to render the judgment void or voidable. State v. Walden (1984), 19 Ohio App.3d 141,146, 19 OBR 230, 235-236, 483 N.E.2d 859, 865-866. Absent a showing of an abuse of discretion, a reviewing court will not overrule a trial court's findings on a petition for postconviction relief that are supported by competent and credible evidence. State v. Mitchell (1988),53 Ohio App.3d 117, 119, 559 N.E.2d 1370. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
 {¶ 14} As to appellant's motion to withdraw his guilty plea, a defendant who seeks to withdraw a plea of guilty subsequent to sentencing has the burden of establishing the existence of manifest injustice. Statev. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus. The purpose of this standard is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe. State v.Caraballo (1985), 17 Ohio St.3d 66, 67, 477 N.E.2d 627. Accordingly, a post-sentence withdrawal of a plea is permitted only in extraordinary cases. Smith, supra. at 264. A trial court's decision is reviewed under the abuse of discretion standard. Id. at 261.
 {¶ 15} Appellant argues that he received ineffective assistance of counsel when counsel told appellant not to accept a plea offer because counsel would get appellant a lesser sentence. Appellant asserts that as a result, appellant received a sentence greater than the plea offer.[1]
 {¶ 16} However, in this case, appellant entered pleas of guilty as part of a plea agreement.[2] By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime. United Statesv. Broce (1989), 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927. The guilty plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. Menna v. NewYork (1975), 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195. Thus, when a defendant enters a plea of guilty as a part of a plea bargain he waives all appealable errors, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. State v. Kelley
(1991), 57 Ohio St.3d 127, 566 N.E.2d 658; State v. Barnett (1991),73 Ohio App.3d 244, 249, 596 N.E.2d 1101; see, also, State v.Wotring, 11th Dist. No. L-99-114, 2003-Ohio-326, at ¶ 22, appeal denied (2003), 99 Ohio St.3d 1452, 790 N.E.2d 1217.
 {¶ 17} A plea is made voluntarily and knowingly if the record indicates that the defendant was advised of the following: "(1) the nature of the charged offense and the maximum penalty involved; (2) the effect of entering a guilty plea; and (3) the fact that the defendant is waiving his right to a jury trial, his right to confront witnesses against him, his right to have compulsory process, and his right to require the state to prove his guilt beyond a reasonable doubt. See, also, Crim. R. 11(C)." State v. Haynes (March 3, 1995), Trumbull App. No. 93-T-4911, 1995 WL 237075. In Ohio, guilty pleas are controlled by Criminal Rule 11. Criminal Rule 11(C) was enacted to facilitate a more accurate determination of whether a defendant entered a guilty plea voluntarily and with the understanding that he was waiving constitutional rights. State v. Nero (1990), 56 Ohio St.3d 106, 564 N.E.2d 474; Statev. Ballard (1981), 66 Ohio St.2d 473, 479-80, 423 N.E.2d 115. Generally, compliance with Crim. R. 11(C) is sufficient to affirmatively show that a plea was made knowingly and voluntarily. State v. Kelley, supra.
 {¶ 18} Criminal Rule 11(C) states as follows:
 {¶ 19} ". . . (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 20} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 21} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 22} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 23} A manifest injustice can, under certain circumstances, arise from erroneous advice of counsel regarding the sentence to be imposed.State v. Blatnik (1984), 17 Ohio App.3d 201, 203, 478 N.E.2d 1016). However, there is overwhelming case law that states that a manifest injustice does not, ipso facto, result. Id. See also State v. Sabatino
(1995), 102 Ohio App.3d 483, 657 N.E.2d 527. A defendant's mistaken belief or impression regarding the consequences of his plea is not sufficient to establish that such plea was not knowingly and voluntarily made. Sabatino, supra. Likewise, erroneous speculation, as opposed to an erroneous representation, on the part of counsel does not constitute ineffective assistance of counsel nor warrant the withdrawal of a guilty plea. Blatnik, 17 Ohio App.3d at 203; State v. Longo (1982),4 Ohio App.3d 136, 139, 446 N.E.2d 11465.
 {¶ 24} In this case, we find that appellant's plea was knowingly and voluntarily entered. The plea colloquy indicates full compliance with Crim. R. 11.[3]
 {¶ 25} At the plea hearing, the trial court informed appellant of the range of sentences appellant faced and indicated to appellant that the trial court could make final disposition as the court felt was appropriate based on the evidence and the law. The sentencing court also reviewed the issue of maximum sentences, mandatory prison terms and the possibility of consecutive sentencing. Thus, regardless of what appellant may have been told by his attorney, appellant was aware of the potential sentences he faced.
 {¶ 26} We take particular note that appellant was asked if there were any promises made to induce appellant to plead guilty, any promises to him with respect to sentencing, or any promises that if he plead guilty he would be sentenced to some particular stated prison term. Id. at 53. Appellant replied that no such promise had been made. Subsequently, at the hearings on his motion to vacate the sentence or withdraw the pleas, appellant asserted that, at sentencing, his attorney told him to say that no promise was made. Upon further questioning, appellant acknowledged that no deal or promise for a lesser prison term had been made but that he just believed, based upon his attorney's assurance, that he would just receive a lesser sentence. Id. at 33.
 {¶ 27} Further, appellant's prior counsel's testimony indicated that he did not promise nor guarantee a lesser sentence. Counsel explained that there were contingencies involved with appellant getting a lesser sentence and that he does not guarantee any outcome on any case. Transcript of May 28, 2004, Proceedings, pg. 101-3. In fact, counsel testified that it was appellant's decision to fight on sentencing and that he told appellant "they would put up a good fight and try to do one better." Id. at pg. 15. This concept of "speculation" as to sentencing as opposed to "guarantee" of sentencing was supported by appellant's father. Appellant's father essentially testified that appellant's prior counsel stated to him that a lesser sentence was a possibility. Transcript of Proceedings, March 30 2004, pgs. 18-20. Thus, there was competent credible evidence that counsel was merely speculating as to the sentence, based upon contingencies.
 {¶ 28} Upon review of the circumstances, we find that the trial court did not abuse its discretion when it found that appellant's pleas were knowing and voluntary and it denied appellant's motion for post-conviction relief and motion to vacate his pleas. Further, we find no manifest injustice.
 {¶ 29} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 30} The Judgment of the Delaware County Court of Common Pleas is affirmed.
Edwards, J. Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Generally, a claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373.
[2] The State dismissed one count of trafficking in cocaine in exchange for appellant's plea of guilty to the remaining charges. As noted previously, this plea agreement did not include any terms concerning appellant's sentence.
[3] The plea hearing was quite extensive. The transcript of the hearing consists of 45 pages.