[Cite as *State v. Farthing*, 2022-Ohio-4194.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2022 CA 0002 |
| STEVEN D. FARTHING | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  2018 CR 463


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      November 23, 2022


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

R. KYLE WITT                            STEVEN D. FARTHING
PROSECUTING ATTORNEY                    PRO SE
BRIAN T. WALTZ                          NOBLE CORRECTIONAL INSTITUTION
ASSISTANT PROSECUTOR                    15708 McConnelsville Road
239 West Main Street, Suite 101         Caldwell, Ohio  43724
Lancaster, Ohio  43130

*Wise, P. J.*

{¶1} Appellant Steven Farthing appeals the December 14, 2021, denial of his Petition to Set Aside Judgment pursuant to R.C. §2953.21 entered in the Fairfield County Court of Common Pleas.

## STATEMENT OF THE FACTS AND CASE

{¶2} The relevant facts and procedural history are as follows:

{¶3} On September 20, 2018, the Fairfield County Grand Jury indicted Appellant Steven D. Farthing on one count of Rape, in violation of R.C. §2907.02, and two counts of Gross Sexual Imposition, in violation of R.C. §2907.05. Said charges arose from an incident involving a minor, A.L.W.

{¶4} Appellant was also indicted on two additional counts of Gross Sexual Imposition and one count of Corrupting Another with Drugs, in violation of R.C. §2925.02, in relation to A.L.W.'s older sister, also a minor, R.M.W.

{¶5} The mother of the children is S.B. Appellant is the brother of S.B., and he and his wife, S.F., took care of the children because S.B. was unable to do so.

{¶6} On April 18, 2019, a superseding indictment was filed removing all allegations as to A.L.W., and charging Appellant with one count of Rape, two counts of Gross Sexual imposition, and one count of Corrupting Another with Drugs as to R.M.W.

{¶7} On September 17, 2019, a jury trial commenced with the jury returning a verdict of guilty as charged.

{¶8} By Judgment Entry filed October 28, 2019, the trial court sentenced Appellant to an aggregate term of fifteen (15) years to life in prison.

{¶9}   Appellant filed a direct appeal to this Court raising the following assignments of error: (1) the trial court erred by excluding evidence of an alternate perpetrator of rape, (2) the jury's verdict was not supported by sufficient evidence, and (3) the jury's verdict is against the manifest weight of the evidence. By Opinion and Entry filed October 14, 2020, this Court affirmed Appellant's conviction. *See State v. Farthing*, 5th Dist. Fairfield No. 2019CA0049, 2020-Ohio-4936. On March 1, 2021, the Ohio Supreme Court declined to accept jurisdiction of the Appellant's appeal

{¶10} On January 11, 2021, Appellant filed a post-conviction Petition to Set Aside Judgment pursuant to R.C. §2953.21. In said petition, Appellant argued that he "believes that trial counsel failed to appropriately proffer various evidence and Motions with the trial record at Petitioner's September 2019 Jury Trial before the Fairfield County Common Pleas Court." Petition at 6. No affidavits or exhibits were attached to Appellant's initial post-conviction petition.

{¶11} On August 20, 2021, Appellant filed a "supplement" to his petition. In this supplement, Appellant made the same basic argument, claiming evidence about "third party guilt" but added mention of him not taking a stipulated polygraph and not having independent DNA testing conducted. Affidavits were filed with this motion from both Appellant's trial counsel and Appellant. These affidavits referred to trial strategy of not taking a "stipulated" polygraph and not retaining an independent DNA expert.

{¶12} By Judgment Entry file December 14, 2021, the trial court denied Appellant's Petition to Set Aside Judgment pursuant to R.C. §2953.21.

{¶13} Appellant now appeals.

**ASSIGNMENTS OF ERROR**

**{¶14}** While Appellant did not present any assignments of error in accordance with App.R. 16(A), upon review of Appellant's brief, it would appear that Appellant is arguing the following:

**{¶15}** "I. APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO PROFFER AN INDEPENDENT DNA EXPERT AND POLYGRAPH EVIDENCE.

**{¶16}** "II. APPELLANT'S APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO PURSUE EXCULPATORY EVIDENCE.

**{¶17}** "III. EVIDENCE OF SUPPOSED "THIRD-PARTY GUILT" SHOULD HAVE BEEN ADMITTED.

**{¶18}** "IV. OHIO'S RAPE SHIELD LAW IS UNCONSTITUTIONAL."

**I.**

**{¶19}** Appellant herein argues that the trial court erred in denying his Petition to Set Aside Judgment pursuant to R.C. §2953.21. We disagree.

**{¶20}** The Supreme Court of Ohio has held that " '[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.' " *State v. Osborn,* 4th Dist. Adams No. 18CA1064, 2018-Ohio-3866, 2018 WL 4600874, at ¶ 7, quoting *State v. Reynolds,* 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus

**{¶21}** Petitions for post-conviction relief are governed by R.C. §2953.21(A)(1)(a), which provides:

Any person in any of the following categories may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief: (i) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * *.

**{¶22}** R.C. §2953.21(A)(2) provides a petition for postconviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction" which is challenged by the petition.

**{¶23}** Initially, we find that Appellant's petition for post-conviction was timely filed.

**{¶24}** "Pursuant to R.C. 2953.21, when a trial court denies a petition for postconviction relief without a hearing, the trial court shall make and file findings of fact and conclusions of law." *State v. Reese*, 5th Dist. Muskingum No. CT2017-0017, 2017-Ohio-4263, ¶ 11.

**{¶25}** Here, the trial court's Entry Denying Request for an Evidentiary Hearing on Petition to Set Aside Judgment contained findings of fact and conclusions of law. The trial court, in denying Appellant's petition, found that his grounds for relief were barred by the doctrine of *res judicata*.

**{¶26}** "The most significant restriction on Ohio's statutory procedure for post-conviction relief is the doctrine of *res judicata.* The doctrine requires a defendant to support the error claimed in the petition with evidence outside the record that was created

from the direct criminal proceedings." *State v. Chubb,* 2008-0hio-4549, (10th Dist.). "Under the doctrine of *res judicata,* a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry,* 10 Ohio St. 2d 175, 180, 226 N.E.2d 104, 108 (1967).

{¶27} An exception to the absolute application of the doctrine of *res judicata* exists in proceedings for postconviction relief when ineffective assistance of counsel is claimed. *Stale v. Cole,* 2 Ohio St. 3d 112, 113, 443 N.E.2d 169, 171 (1982). "Where ineffective assistance of counsel is alleged in a petition for postconviction relief, the defendant, in order to secure a hearing on his petition, must proffer evidence which, if believed, would establish not only that his trial counsel had substantially violated at least one of a defense attorney's essential duties to his client but also that said violation was prejudicial to the defendant." *Id.* at 114. "Generally, the introduction in an R.C. 2953.21 petition of evidence *dehors* the record of ineffective assistance of counsel is sufficient, if not to mandate a hearing, at least to avoid dismissal on the basis of *res judicata." Id.*

{¶28} Upon review, we too find Appellant's challenges to his convictions are barred by *res judicata*. We find Appellant's motion is an attempt to relitigate issues this Court has previously considered and denied.

{¶29} Appellant herein argues that his trial counsel was ineffective in failing to allow him the opportunity to participate in a polygraph examination or to pursue independent DNA analysis.

{¶30} Appellant could have raised these matters on direct appeal. Further, Appellant has failed to show a substantial violation of any duty by his trial counsel or how the absence of a polygraph examination was prejudicial to Appellant's defense

{¶31} Appellant's first assignment of error is overruled.

## II.

{¶32} In his second assignment of error, Appellant argues his appellate counsel was ineffective in failing to pursue exculpatory evidence.

{¶33} According to *State v. Murnahan*, 63 Ohio St.3d 60 (1992), paragraph one of the syllabus, "[c]laims of ineffective assistance of appellate counsel are not cognizable in [postconviction] proceedings pursuant to R.C. 2953.21."

{¶34} Here, because Appellant's assignment of error relates to claims of ineffective assistance of appellate counsel and/or issues regarding the direct appeal, which are not cognizable in R.C. §2953.21 postconviction proceedings, this Court declines to analyze and reach the merits of these arguments.

{¶35} Appellant's second assignment of error is overruled.

## III.

{¶36} In his third assignment or error, Appellant argues that the trial court erred when "it ignored the exculpatory evidence on the record of a third-party guilt and denied an evidentiary hearing."

{¶37} Upon review, we find Appellant's assignment of error is barred by *res judicata*. Appellant's arguments about the admissibility of "third-party guilt" were already addressed in his prior appeal and as such cannot be relitigated here.

{¶38} Appellant's third assignment of error is overruled.

**IV.**

{¶39} In his fourth assignment of error, Appellant argues that Ohio's Rape Shield law is unconstitutional.

{¶40} Since this argument was not raised to the trial court, it will not be addressed by this Court; new arguments will not be considered for the first time on appeal. See *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 360 (issues not raised and tried in the trial court cannot be raised for the first time on appeal); *See,* also, *State v. Zamora,* 3d Dist. No. 11–08–04, 2008–Ohio–4410, ¶ 26 (stating that an appellate court can only address those arguments presented to the trial court in the original petition for post-conviction relief. Therefore, any new arguments cannot be considered for the first time on appeal.) *State v. Sheets*, 4th Dist. No. 03CA24, 2005–Ohio–803, ¶ 29; *State v. Bandell* (Apr. 9, 1997), 9th Dist. No. 96CA006524.

{¶41} Appellant's fourth assignment of error is overruled.

{¶42} For the forgoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/kw 1118