[Cite as *State v. Nelson*, 2023-Ohio-2125.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | Case No. 22CA00034 |
| | : | |
| ZACHARIE NELSON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of Common Pleas, Case No. 20CR0622

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      June 26, 2023

APPEARANCES:

For Plaintiff-Appellee:

JENNY WELLS
LICKING CO. PROSECUTOR
ROBERT ABDALLA
20 S. Second St.
Newark, OH 43055

For Defendant-Appellant:

BRIAN A. SMITH
123 South Miller Rd., Suite 250
Fairlawn, OH 44333

*Delaney, J.*

{¶1}   Appellant Zacharie Nelson appeals from the April 21, 2022 Judgment Entry of the Licking County Court of Common Pleas overruling his motion to withdraw his guilty pleas.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}  The following facts are adduced from appellee's statement of facts in support of the felony complaint and arrest warrant filed November 20, 2020, and appellee's bill of particulars filed December 16, 2020.

{¶3}  On November 18, 2020, around 5:08 a.m., Newark police responded to an apartment on North Cedar Street for a report of an assault.  Upon arrival, police found one male victim, John Doe, unresponsive inside the home with a wound to the right side of his head.  Jane Doe, John's wife, was rendering aid to John and he was transported to Grant Medical Center for further treatment.

{¶4}  Police interviewed Jane, who stated John was assaulted by appellant.  Jane said appellant was an old acquaintance who gave them a ride home from the area of North Cedar Street and Tuscarawas Street.  After returning to the apartment, the trio hung out in a makeshift bedroom inside the apartment, talking and smoking crystal methamphetamine.  Jane said appellant became irate and accused Jane and John of stealing his car keys.

{¶5}  Jane stayed in the bedroom while John and appellant looked for the keys.  Jane observed appellant grab a screwdriver which he kept in his hand as he left the room.  Moments later, Jane heard John saying, "You need to leave.  You need to leave."  Then

she heard John say, "Call the cops." Several minutes later, Jane left the bedroom to find John laying on the floor in the hallway, bleeding from his head.

{¶6} Appellant found the car keys in the bedroom and fled the scene before police arrived.

{¶7} Later that day detectives checked John's condition at Grant Medical Center and medical staff advised John had a 3-4 inch wound that fractured and penetrated his skull, consistent with being stabbed by a long, pointed object. John was treated for a severe brain bleed but succumbed to his injuries on November 24, 2020.

{¶8} Detectives learned appellant was jailed on an unrelated OVI charge at the Muskingum County Jail and interviewed him regarding the stabbing. Appellant admitted stabbing John Doe in the head with a screwdriver and led police to where he threw it away. The screwdriver was collected as evidence and John Doe's DNA was found on the tip.

{¶9} Appellant was charged by indictment as follows: Count I, aggravated murder pursuant to R.C. 2903.01(B), an unclassified felony; Count II, murder pursuant to R.C. 2903.02(A), an unclassified felony; Count III, murder pursuant to R.C. 2903.02(B), an unclassified felony; Count IV, felonious assault pursuant to R.C. 2903.11(A)(2), a felony of the second degree; and Count V, felonious assault pursuant to R.C. 2903.11(A)(1), a felony of the second degree.

{¶10} Appellant entered pleas of not guilty.

{¶11} On August 3, 2021, appellee moved the trial court to dismiss Counts I and II of the indictment in exchange for appellant's pleas of guilty to the remaining counts. The trial court granted the motion. Appellant then appeared before the trial court and

changed his previously-entered pleas of not guilty to ones of guilty upon Counts III, IV, and V. The trial court ordered and received a pre-sentence investigation (P.S.I.) which it referenced in sentencing appellant but which is not in the record before us. The trial court found Counts III, IV and V merged for purposes of sentencing and appellee elected to sentence upon Count III. The trial court imposed a prison term of 15 years to life.

{¶12} On March 14, 2022, appellant filed a pro se motion to withdraw and/or vacate his guilty plea on the basis of alleged ineffective assistance of counsel. Appellee responded with a memorandum in opposition and the trial court scheduled the matter for a non-oral hearing on April 15, 2022. On April 8, 2022, appellant replied to appellee's memorandum in opposition and filed a motion to supplement the record with his Veterans Administration (VA) medical records.

{¶13} On April 21, 2022, the trial court filed a Judgment Entry overruling appellant's motion to withdraw his guilty plea.

{¶14} Appellant now appeals from the trial court's Judgment Entry of April 21, 2022.

{¶15} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶16} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO WITHDRAW AND/OR VACATE GUILTY PLEA AND TO REINSTATE NOT GUILTY PLEA, IN VIOLATION OF APPELLANT'S RIGHT TO COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

**ANALYSIS**

{¶17} In his sole assignment of error, appellant argues the trial court should have granted his motion to withdraw his guilty plea. We disagree.

*Crim.R. 32.1*

{¶18} Crim. R. 32.1 governs the withdrawal of a guilty or no contest plea and states: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." In the instant case, appellant's request was made 7 months after imposition of sentence, and the standard by which the trial court considered the motion was "to correct manifest injustice." *State v. Payton*, 5th Dist. Muskingum No. CT2022-0038, 2023-Ohio-504, ¶ 20.

{¶19} The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. A manifest injustice is a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 1998-Ohio-271, 699 N.E.2d 83. "Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Ruby,* 9th Dist. Summit No. 23219, 2007-Ohio-244, ¶ 11, quoting *State v. Williams,* 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5. Accordingly, under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *Smith,* supra, 49 Ohio St.2d at 264.

{¶20} The purpose of this standard is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence

was unexpectedly severe. *State v. Jackson*, 5th Dist. Delaware No. 04CA-A-11-078, 2005-Ohio-5173, ¶ 14, citing *State v. Caraballo*, 17 Ohio St.3d 66, 67, 477 N.E.2d 627 (1985).

*Standard of review*

{¶21} Our review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *State v. Caraballo*, 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Ent., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

*Appellant asserts ineffective assistance of trial counsel*

{¶22} Appellant asserts his plea was not made knowingly, intelligently, and voluntarily due to ineffective assistance of counsel; specifically, defense trial counsel did not investigate appellant's mental health status and both mental health and voluntary

intoxication could have been argued to a jury as mitigating factors. Appellant supported his argument with his own self-serving affidavit.[1]

{¶23} Challenges to guilty pleas based on allegations of ineffective assistance of counsel during the plea process are evaluated under the familiar two-pronged cause and prejudice test of *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In order to satisfy the second prong in the context of a guilty plea, appellant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59.

{¶24} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. *State v. Bradley,* 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. *Id.*

{¶25} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley* at 143, quoting *Strickland* at 697.

{¶26} Appellant was represented by counsel throughout the pendency of the case; at the change-of-plea hearing on August 3, 2021, the record establishes appellant

---

[1] Appellant's arguments altered from his original motion to withdraw plea, then his reply in the trial court, to the instant appeal. The variation in arguments will be addressed infra.

and defense trial counsel reviewed an "Admission of Guilt/No Contest" form, which is also in the record. Appellant and the trial court engaged in a Crim.R. 11 plea colloquy in open court, on the record, and the trial court reviewed the rights appellant was waiving, the possible sentence he faced, and all punitive consequences of the pleas of guilty. The trial court advised appellant that if he changed his plea to guilty, he faced only one potential sentence of 15 years to life, which is the maximum sentence. T. 13-14. Appellant indicated on the record that he understood. Id. The trial court asked appellant whether he was in good physical and mental health and appellant stated he was. T. 15. Following the discussion appellant entered a counseled plea of guilty to Counts III, IV, and V.

{¶27} The trial court immediately proceeded to sentencing and imposed a term of 15 years to life in prison.

{¶28} Appellant's pleas of guilty were entered as part of a plea agreement. By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime. *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). The guilty plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established. *Menna v. New York*, 423 U.S. 61 at n. 2, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975). Thus, when a defendant enters a plea of guilty as a part of a plea bargain he waives all appealable errors, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. *State v. Radel*, 5th Dist. Stark

No. 2009-CA-00021, 2009-Ohio-3543, ¶ 13, citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991).

{¶29} Even where trial counsel errs, withdrawal of a guilty plea does not automatically result. In *State v. Jackson,* 5th Dist. Delaware Nos. 04CA-A-11-078, 04CA-A-11-079, 2005-Ohio-5173, this Court observed, "A manifest injustice can, under certain circumstances, arise from erroneous advice of counsel regarding the sentence to be imposed. *State v. Blatnik*, 17 Ohio App.3d 201, 203, 478 N.E.2d (6th Dist.1984). However, there is overwhelming case law that states that a manifest injustice does not, ipso facto, result. *Id.* See also *State v. Sabatino*, 102 Ohio App.3d 483, 657 N.E.2d 527 (8th Dist.1995). Likewise, erroneous speculation, as opposed to an erroneous representation, on the part of counsel does not constitute ineffective assistance of counsel nor warrant the withdrawal of a guilty plea. *Blatnik,* supra, at 203; *Jackson,* supra*,* at ¶ 23.

{¶30} Appellant's claim of ineffective assistance of defense trial counsel is based upon counsel's alleged "fail[ure] to investigate possible defenses in [appellant's] case." Brief, 7. This premise is speculative and "possible" defenses that counsel may have rejected do not establish ineffective assistance.

{¶31} First, appellant's argument is based in part upon his own self-serving affidavit filed with the motion to withdraw plea. In the affidavit, he asserts he was heavily intoxicated at the time of the incident and has a history of PTSD and a traumatic brain injury from his time in the military. On the basis of the affidavit, appellant first argued before the trial court that defense trial counsel should have sought a mental health evaluation. Generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice. *State v. Adames*, 5th Dist. No. 16-CA-85, 2017-Ohio-4058, 91 N.E.3d

326, ¶ 29, citing *State v. Shiflett*, 5th Dist. Licking No. 09 CA 134, 2010-Ohio-3587, ¶ 19;

*State v. Patterson,* 5th Dist. Stark No. 2003CA00135, 2004-Ohio-1569, ¶ 20.

{¶32} In its memorandum in opposition, appellee pointed out that a self-serving affidavit was insufficient to establish ineffective assistance as a basis for withdrawing a guilty plea. Appellant then moved the trial court to supplement the record, for the first time, with voluminous medical records from the VA and expanded his argument to include various defenses trial counsel should have explored.

{¶33} As the trial court noted, voluntary intoxication would not have been a feasible defense; such evidence would only have been admissible to demonstrate appellant was too intoxicated to have stabbed John Doe. Appellant admitted stabbing John Doe, and a claim of voluntary intoxication would not have been logical given the facts of the case.

{¶34} Further, appellant argued defense trial counsel was ineffective in failing to request a mental evaluation or review his military records because his PTSD, military background/injuries, or intoxication could have been "mitigating factors to the jury" and he could have argued "diminished capacity." "Motion to Withdraw and/or Vacate Guilty Plea and to Reinstate Not Guilty Plea," 3-4. It is well established that Ohio does not recognize the defense of diminished capacity. *State v. Fulmer*, 117 Ohio St.3d 319, 2008-Ohio-936, ¶ 66, citing *State v. Jackson*, 32 Ohio St.2d 203, 206, 291 N.E.2d 432 (1972); *State v. Wilcox*, 70 Ohio St.2d 182, 436 N.E.2d 523 (1982), paragraph one of the syllabus. Where a defendant cannot maintain an insanity defense, "he may not offer expert testimony in an effort to show that he lacked the mental capacity to form the specific

mental state required for a particular crime." *Id.* at ¶ 67, citing *State v. Gooey*, 46 Ohio St.3d 20, 26, 544 N.E.2d 895 (1989).

{¶35} Appellee also pointed out the flaw in the diminished-capacity argument, therefore in his Reply, appellant pivoted to assert evidence of PTSD could have established why he reacted by stabbing John Doe: he felt unable to escape the situation and could have presented a duress defense. To establish the affirmative defense of duress, the defendant must demonstrate that he was compelled to commit the crime under threat, by another person, of imminent death or serious bodily injury. *State v. Womack*, 5th Dist. Stark No. 2020CA00096, 2021-Ohio-1309, ¶ 48, citing *State v. Lawson*, 2nd Dist. Montgomery No. 2215, 2008-Ohio-1311, ¶ 19. Nothing in the record indicates a duress defense would have been viable, much less that defense trial counsel was ineffective for failing to pursue such a defense.

{¶36} On appeal, appellant's argument has changed yet again. He now argues his mental state could have established a defense of legal insanity and permitted him to enter a plea of not guilty by reason of insanity. Brief, 10. An insanity defense required proof that appellant "did not know, as a result of a severe mental disease or defect, the wrongfulness of [his] acts." R.C. 2901.01(A)(14); *State v. Tibbetts*, 92 Ohio St.3d 146, 164, 749 N.E.2d 226 (2001). "Where facts and circumstances indicate that a plea of not guilty by reason of insanity would have had a reasonable probability of success, it is ineffective assistance of counsel to fail to enter the plea." *State v. Brown*, 84 Ohio App.3d 414, 616 N.E.2d 1179 (8th Dist.1992). However, if the facts indicate that counsel was pursuing a reasonable strategy in not so pleading, or where the likelihood of success for

the plea is low, the decision is not unreasonable. *State v. Twyman*, 2d Dist. Montgomery No. 19086, 2002-Ohio-3558.

{¶37} We fail to discern, and appellant does not reveal, the likelihood of a successful plea of not guilty by reason of insanity. Appellant would have had the burden of proving insanity by a preponderance of the evidence but nothing in the record indicates appellant suffered from such a degree of mental disease or defect. See, *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 223. Trial counsel had ample basis to conclude that an insanity plea had no reasonable chance of success. *Tibbets*, *id.*, citing *State v. Seiber*, 56 Ohio St.3d 4, 12, 564 N.E.2d 408 (1990). There is no basis in the record to establish appellant did not know right from wrong, and the circumstances of the crime, from which appellant fled and to which appellant confessed, do not support the premise that appellant did not fully appreciate the wrongfulness of his actions.

{¶38} Further, appellant asserts counsel should have "investigated other defenses," implying he didn't stab John Doe (counsel should have questioned whether appellant's DNA was on murder weapon). Brief, 13. To the extent that these arguments were not raised in appellant's original argument to the trial court, they will not be addressed by this Court; new arguments will not be considered for the first time on appeal. *State v. Farthing*, 5th Dist. Fairfield No. 2022 CA 0002, 2022-Ohio-4194, ¶ 40, appeal not allowed*,* 169 Ohio St.3d 1502, 2023-Ohio-1326, 207 N.E.3d 847. Appellant argues counsel should have raised various issues to contest or dismiss the aggravated murder charge, which was in fact dismissed. Appellant argues counsel should have filed a motion to suppress his police interview without offering any explanation why a suppression

motion would have been granted. Appellant argues counsel should have argued self-defense, which is incompatible with the evidence.

{¶39} Appellant's arguments are speculative at best and do not establish ineffective assistance of trial counsel rising to the level of manifest injustice. See, *State v. Szakacs*, 8th Dist. Cuyahoga No. 92230, 2009-Ohio-5480, ¶ 17; *State v. Pempton,* Cuyahoga App. No. 80255, 2002-Ohio-5831 (holding that defense counsel's failure to request a psychiatric evaluation of defendant prior to sentencing did not constitute ineffective assistance).

{¶40} We also note that appellant has not demonstrated he would not have entered the guilty pleas but for the ineffective assistance of counsel. Defense trial counsel succeeded in getting the most serious offenses against appellant dismissed. Based on the circumstances of the case and the resulting sentence, we are unable to find defense trial counsel ineffective in negotiating appellant's favorable plea agreement.

{¶41} Appellant did not establish any manifest injustice occurred when he changed his pleas to guilty. The trial court therefore did not abuse its discretion in overruling appellant's motion to withdraw his guilty pleas and the sole assignment of error is overruled.

**CONCLUSION**

{¶42} Appellant's sole assignment of error is overruled and the judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

King, J., concur.